IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| AUSTIN TEPP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2020-cv-50466 |
| | ) | |
| PORTLAND TERMINAL RAILROAD | ) | |
| COMPANY, d/b/a UNION PACIFIC | ) | |
| RAILROAD | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### COUNT I - NEGLIGENCE
### PORTLAND TERMINAL RAILROAD COMPANY, d/b/a UNION PACIFIC RAILROAD

**I.      The Parties to This Complaint**

**A.      The Plaintiff**

Now comes the Plaintiff, by and through his attorneys, Koroll Litigation Group,

Ltd., Cynthia J. Koroll, Esq., and files this his claim for Negligence and relying on 28

U.S.C §1332; Diversity of Citizenship against Defendants: **PORTLAND TERMINAL**

**RAILROAD COMPANY, d/b/a UNION PACIFIC RAILROAD.**


1.      **AUSTIN TEPP**, residing at the following address and living and domiciled in the

State of Illinois:

        658 Julian Street
        Belvidere, Illinois 61008
        Domicile: State of Illinois


1

**B.      The Defendant(s)**

2.      **PORTLAND TERMINAL RAILROAD COMPANY,** a corporation located at

the following address, incorporated in the State of Oregon with Officers and Directors

and located in and domiciled in the State of Oregon.


> Principal Place of Business:
> 3500 N.W. Yeon Avenue
> Portland, Oregon 97210
> Domicile of Officers of Corporation: Oregon

3.      **PORTLAND TERMINAL RAILROAD COMPANY d/b/a UNION PACIFIC**

**RAILROAD**, a corporation located at the following address, incorporated in the State of

nebraska with Officers and Directors and located and domiciled in the State of Nebraska.

> 1400 Douglas Street
> Omaha, Nebraska 68179
> Domicile of Officers of Corporation: Nebraska


**II.      Jurisdiction**

4.      Pursuant to 28 U.S.C §1332, this case involves citizens whom are of diverse

citizenship in that the Defendant corporations and their officers and directors are

domiciled in the states of Oregon and Nebraska and the Plaintiff is domiciled in Illinois.

5.      No Defendant is a citizen of the same State as the Plaintiff.

**A.      The Plaintiff**

6.      The Plaintiff, **AUSTIN TEPP,** is a citizen of the State of Illinois.

7.      **AUSTIN TEPP** brings this action individually for himself.

**B.      The Defendant(s)**

8.      The corporate Defendants are incorporated under laws of the State of Oregon and

2

State of Nebraska.

**C.     The Amount in Controversy**

9.      The amount in controversy exceeds $75,000.00 as **AUSTIN TEPP** was injured

when his vehicle was struck by a train. He suffered physical injuries resulting in medical

and surgical expenses and continues to suffer impairments of his health and well being

causing ongoing expenses and will suffer the same in the future. He suffered a wage loss

and his earning capacity continues to be limited by the injuries incurred.

**III.    Statement of Claim**

10.     Plaintiff's vehicle was struck by a train. The train was moving backwards on the

track. No proper warning horn was sounded. Plaintiff was waved through the crossing by

a flagman with a flashlight. Plaintiff suffered a fractured hip and pelvis and other

physical injuries due to the impact.

**IV.    Factual Allegations**

11.     On or about November 30, 2018 **PORTLAND TERMINAL RAILROAD**

**COMPANY, d/b/a UNION PACIFIC RAILROAD** operated trains on tracks crossing

S. Appleton Road in Belvidere, Illinois.

12.     On or about November 30, 2018, the railway crossing was not equipped with

crossing gates.

13.     On or about November 30, 2018, South Appleton road in the area of railway

crossing had no overhead lighting.

14.     On or about November 30, 2018, at or about 10:40 pm **AUSTIN TEPP** was

driving his vehicle from his place of work, Chrysler Automotive, 3300 Chrysler Drive,

3

Belvidere toward his home.

15.     In order to reach his destination, 658 Julian Street, Belvidere, Illinois; **AUSTIN TEPP** was required to cross the railroad crossing at South Appleton Road, Belvidere, Illinois.

16.     **AUSTIN TEPP** approached the crossing area driving with due care and in compliance with all Illinois traffic laws.

17.     Upon approaching the railroad crossing **AUSTIN TEPP** saw the crossing lights flashing.

18.     Upon approaching the crossing **AUSTIN TEPP** could see that no train was present on the tracks between the crossing lights.

19.     Upon approaching the crossing **AUSTIN TEPP** noted a Cadillac sedan ahead of him.

20.     On the same side of the crossing where the Cadillac was positioned and to the right and across the roadway **AUSTIN TEPP**  observed the beam of a flashlight held by a person who waved the sedan through the crossing.

21.     **AUSTINE TEPP** observed the sedan move forward and over the tracks.

22.     The crossing lights continued to flash and no horn was sounded as the sedan crossed.

23.     On the same side of the crossing where **AUSTIN TEPP's** vehicle was positioned to his right and across the roadway **AUSTIN TEPP** observed the beam of a flashlight held by a person who also waved **AUSTIN TEPP** to proceed through the crossing.

24.     The person who waved **AUSTIN TEPP** through the crossing did so by moving

4

the flashlight in an up and down fashion directing **AUSTIN TEPP** to cross the tracks.

25.     The crossing lights continued to flash and no horn was sounded as **AUSTIN**

**TEPP** was directed to proceed through the crossing.

26.     As **AUSTIN TEPP** began to move his vehicle to approach the tracks at a low rate

of speed, a train car moving backwards on the track hit and struck the front corner panel

of **AUSTIN TEPP'S** vehicle.

27.     The impact of the train pushed **AUSTIN TEPP'S** car sideways along the track.

28.     **AUSTIN TEPP** was severely injured by the impact.

**IV.     Relief**

29.     Plaintiff seeks this Court to find that the Defendant, by and through its'

employees, agents and apparent agents had a duty to avoid negligence in the operation

and management of the train car and the direction and control of the traffic at the railroad

crossing when a rail car was backing across the track.

30.     Plaintiff seeks this Court to find that the Defendant breached their duty and were

negligent in one or more of the following ways:

    A.     Negligently directed traffic through the crossing;
    B.     Directed traffic through the crossing using inadequate measures;
    C.     Failed to stop traffic at the crossing;
    D.     Failed to sound horn when before and while the train car backed through
the railroad crossing;
    E.     Backed into and struck Plaintiff's vehicle with the train car,

31.     That the Defendant's negligence was the proximate cause of the injuries to the

Plaintiff.

32.     And that the Defendant is responsible for the costs of all damages, past, present

and future, that the Defendant inflicted on the Plaintiff by the negligence of the

5

Defendants.

## V.        Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I, Cynthia Koroll of

Koroll Litigation Group, Ltd., on behalf of **AUSTIN TEPP** certify to the best of my

knowledge. Information and belief that this complaint: (1) is not being presented for an

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the

cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law; (3) the factual contentions have

evidentiary support or, if specifically so identified, will likely have evidentiary support

after reasonable opportunity for further investigation or discovery; and (4) the complaint

otherwise complies with the requirements of Rule 11.


Date:   November 30, 2020                    AUSTIN TEPP, Plaintiff


BY:_____

Counsel for Plaintiff                        Cynthia J. Koroll, RN, MS, JD
Cynthia J. Koroll, RN, MS, JD
ARDC# 6275102
Koroll Litigation Group, Ltd.
2929 N. Main Street, Front
Rockford, Il 61103
815-316-7554 (p)
779-423-2332 (f)
eservice@klg-law.net


6