IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| AUSTIN TEPP, <br><br> Plaintiff, <br><br> v. <br><br> PORTLAND TERMINAL RAILROAD COMPANY, d/b/a UNION PACIFIC RAILROAD COMPANY, <br><br> Defendant. | Case No. 3:20-cv-50466 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

After more than four years of litigation, prolonged due to dozens of delays directly attributable to Plaintiff's counsel, and three warnings that Plaintiff's complaint would be subject to dismissal for any further unexcused delays, the Court finally dismissed the case pursuant to Fed. R. Civ. P. 41(b). *See* dkt. 140. Plaintiff now seeks to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). For the reasons below, as well as those thoroughly articulated in this Court's August 7, 2025 order [140], the motion is denied.

Rule 59(e) permits a court to alter or amend a judgment, but "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)).

Plaintiff raises no new evidence as to why his attorney was perpetually unable to meet this Court's deadlines, nor even the deadlines she herself set. Although the merits of the suit and the consequences of dismissal for the social objectives of personal injury tort litigation are two *factors* the court *may* consider, they are not determinative—in this case or otherwise. *See Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993) (finding that dismissal "should, ideally" take account of the six factors set forth.). And in any event, this Court has already considered these factors to the extent necessary. *See* Order [140] at *12.

Plaintiff goes on to argue that this Court is biased, against both Plaintiff and his counsel. Motion to Alter Judgment [143] ¶¶ 8, 11-12, 14-15. No evidence to support this accusation is provided, except for the Court having documented that this behavior by counsel is not a one-off but instead has been a pervasive pattern throughout her career. Order [140] at *7, 11. And as stated in its order, "[t]he Court would rule the same way without [Ms. Koroll's history]." Order [140] at *7 n. 3.

The motion to alter judgment [143] is denied.

Entered: September 24, 2025     By: _____
                                Iain D. Johnston
                                U.S. District Judge